IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JENNIFER WATSON AND<br>JAMES WATSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES LLC, EQUIFAX INFORMATION SERVICES, L.L.C., EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION, LLC,<br><br>    Defendants. | CIVIL ACTION NO.<br>3:22-cv-00518-SDD-RLB |

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiffs' Complaint and asserts its affirmative and other defenses as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

### I. INTRODUCTION

**COMPLAINT ¶1:**

    Plaintiffs Jennifer Watson and James Watson bring this action to secure redress from unlawful mortgage servicing practices by defendant Rushmore Loan Management Services, LLC ("Rushmore") and unfair credit reporting practices engaged in by all defendants. In Plaintiff Jennifer Watson alleges violation of the Cranston-Gonzales amendments to the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, *et seq.* ("RESPA") by Bayview. Plaintiff Jennifer Watson also alleges breach of contract by defendant Rushmore. Plaintiff James Watson alleges violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*.

**ANSWER:**

Equifax acknowledges that Plaintiffs bring the said allegations against the defendants but denies violating any law whatsoever.

## II. JURISDICTION

**COMPLAINT ¶2:**

This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 15 U.S.C. §1681p, and 12 U.S.C. §2605.

**ANSWER:**

Equifax admits that this court has jurisdiction under 15 U.S.C. §1681p but denies Plaintiffs' remaining allegations.

## III. PARTIES

**COMPLAINT ¶3:**

Plaintiff, Jennifer Watson ("Ms. Watson"), is a natural person who resides in East Baton Rouge Parish.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

**COMPLAINT ¶4:**

Plaintiff James Watson ("Mr. Watson"), is a natural person who resides in East Baton Rouge Parish and is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

**COMPLAINT ¶5:**

Defendant, Rushmore Loan Management Services LLC is a foreign limited liability corporation authorized to do and doing business in the state of Louisiana, whose registered agent

for service of process is Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

**COMPLAINT ¶6:**

Defendant Equifax information Services, L.L.C. ("Equifax") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Equifax is a foreign limited liability company doing business in the state of Louisiana, who can be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

**ANSWER:**

Equifax admits the allegations in Paragraph 6.

**COMPLAINT ¶7:**

Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Experian is a foreign corporation doing business in the state of Louisiana, who can be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

**COMPLAINT ¶8:**

Defendant, Trans Union, LLC (hereinafter referred to as "Trans Union"), is a consumer reporting agency under the FCRA. Trans Union is a foreign limited liability company doing business in the state of Louisiana, who can be served through its registered agent for service of process, The Prentice-Hall Corporation Systems, Inc., 501 Louisiana Avenue, Baton Rouge, LA 70802.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

86004266v.1
#100705632v1

**COMPLAINT ¶9:**

Defendant Rushmore is the entity to whom Ms. Watson was supposed to make her monthly mortgage payments discussed below and which sends out periodic statements to Ms. Watson for her home mortgage loan, the servicing and credit reporting of which is the subject matter of this suit.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

**COMPLAINT ¶10:**

Defendant Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

**ANSWER:**

Equifax admits the allegations in Paragraph 10.

**COMPLAINT ¶11:**

Defendant Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

**COMPLAINT ¶12:**

Defendant Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

86004266v.1
#100705632v1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

### IV. FACTUAL ALLEGATIONS

**COMPLAINT ¶13:**

Ms. Watson and Mr. Watson are married.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

**COMPLAINT ¶14:**

Ms. Watson and Mr. Watson entered into a marriage contact prior to marriage and they do not have any community property or obligations.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

**COMPLAINT ¶15:**

Ms. Watson purchased and financed their home by signing a note in her own name only.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

**COMPLAINT ¶16:**

Ms. Watson's mortgage on her home was serviced by New Penn Financial, Inc. doing business as Shellpoint Mortgage Servicing ("Shellpoint") until approximately June 2021.

86004266v.1
#100705632v1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

**COMPLAINT ¶17:**

While servicing Ms. Watson's home loan, Shellpoint granted her a forbearance of her mortgage payments from December 1, 2020 through June 1, 2021.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

**COMPLAINT ¶18:**

At the end of this forbearance period, Ms. Watson was given the option to defer these payments to the end of the loan, which she informed Shellpoint she was choosing.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

**COMPLAINT ¶19:**

The servicing °filer mortgage loan was thereafter transferred to the defendant Rushmore by Shellpoint.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

**COMPLAINT ¶20:**

Rushmore extended Ms. Watson's forbearance through December 1, 2021.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

**COMPLAINT ¶21:**

As this forbearance period was ending, Ms. Watson spoke with Rushmore on numerous occasions to have the payments which were in forbearance with Rushmore deferred to the end of her loan as well.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

**COMPLAINT ¶22:**

Rushmore refused to do so and demanded Ms. Watson immediately repay all payments which were in forbearance from December 1, 2020 through December 1, 2021, including those in forbearance through Shellpoint which had been deferred to the end of the loan.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

**COMPLAINT ¶23:**

Ms. Watson spoke with Rushmore and explained the status of the Shellpoint deferred payments as well as requesting the payments in forbearance with Rushmore also be deferred.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

**COMPLAINT ¶24:**

Rushmore refused to defer the July 1 through December 1, 2021 payments and demanded Ms. Watson pay all of the payments which had been in forbearance, specifically those due from December 1, 2020 through December 1, 2021.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

**COMPLAINT ¶25:**

Ms. Watson was approved to refinance her home mortgage at a much lower interest rate but could only do so if the payments which had been in forbearance were deferred to the end of her loan.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

**COMPLAINT ¶26:**

Rushmore did not give Ms. Watson the option to pay only the July 1, 2022 through December 1, 2022 payments.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

**COMPLAINT ¶27:**

Ms. Watson lost the opportunity to refinance her home due to Rushmore's actions, which were a breach of the contract between them by Rushmore.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

**COMPLAINT ¶28:**

Ms. Watson sent two "Notice of Error" letters to Rushmore, as defined in the Cranston-Gonzales amendment to RESPA, 12 U.S.C. §2605(e), at least one of which Rushmore received and responded thereto.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

86004266v.1
#100705632v1

**COMPLAINT ¶29:**

Rushmore's response denied that Ms. Watson had any of her payments from December 1, 2020 deferred to the end of the loan, and claimed she had to have applied to see what options were available to her at the end of the forbearance period, which would have defeated the entire purpose of granting her a forbearance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

**COMPLAINT ¶30:**

Rushmore violated its obligations under the Cranston-Gonzales amendment, when it failed to take corrective action of recognizing and acknowledging Ms. Watson's deferral of the December 1, 2020 through June 1, 2021 payments to the end of her loan as well as the deferring the payments due from July 1, 2021 through December 1, 2021.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

**COMPLAINT ¶31:**

Ms. Watson spent time creating and writing both of her RESPA dispute letters and incurred out-of-pocket expenses related to these RESPA dispute letters, including expenses for preparing, photocopying and obtaining certified mailings of correspondence. She also experienced lost time and inconvenience both in putting the information needed for the RESPA dispute letters and having to educate herself on the RESPA process.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

**COMPLAINT ¶32:**

Rushmore failed to take corrective action within 30 business days of the receipt of the RESPA dispute letters from Ms. Watson. Specifically, (1) Rushmore did not make any necessary corrections to Ms. Watson's account for the RESPA dispute letters nor did it provide written notification of the correction in response to these dispute letters.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

**COMPLAINT ¶33:**

Ms. Watson has also suffered emotional distress flowing from Rushmore's violation of RESPA. Ms. Watson suffers from deep mental anguish that Rushmore will persist in not conducting a thorough investigation as is required by 12 U.S.C. § 2605(e)(2) and must presently live with the knowledge that she may lose her home due to Rushmore's actions, which is about to commence foreclosure proceedings. She also presently lives with the impending dread of a large (and wrongful) payment that would impose a severe hardship on her to pay, and the fear of the resulting wrongful foreclosure that would be instituted if this large payment cannot be made.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

**COMPLAINT ¶34:**

Mr. Watson spoke with Rushmore several times during the forbearance period and was told that he was liable on this mortgage note as well.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

**COMPLAINT ¶35:**

Mr. Watson did not sign the note for Ms. Watson's home since they have a separate property regime under Louisiana law.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

**COMPLAINT ¶36:**

Mr. Watson then learned Rushmore was reporting him as a co-borrower on this loan to the consumer reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

**COMPLAINT ¶37:**

Mr. Watson mailed several dispute letters in the past year regarding the reporting of this account by Rushmore to defendant Equifax.

**ANSWER:**

Equifax denies the allegations in Paragraph 37.

**COMPLAINT ¶38:**

Equifax received these dispute letters and it notified Rushmore of Mr. Watson's dispute pursuant to 15 U.S.C. § 1681i(a).

**ANSWER:**

Equifax denies the allegations in Paragraph 38.

**COMPLAINT ¶39:**

Equifax received this dispute letter and it notified Rushmore of Mr. Watson's dispute pursuant to 15 U.S.C. § 1681i(a).

**ANSWER:**

Equifax denies the allegations in Paragraph 39.

**COMPLAINT ¶40:**

Mr. Watson mailed several dispute letters in the past year regarding the reporting of this account by Rushmore to defendant Experian.

**ANSWER:**

Equifax denies the allegations in Paragraph 40.

**COMPLAINT ¶41:**

Experian received these dispute letters and it notified Rushmore of Mr. Watson's disputes pursuant to 15 U.S.C. § 1681i(a).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

**COMPLAINT ¶42:**

Mr. Watson mailed several dispute letters in the past year regarding the reporting of this account by Rushmore to defendant Trans Union.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

**COMPLAINT ¶43:**

Trans Union received these dispute letters and it notified Rushmore of Mr. Watson's disputes pursuant to 15 U.S.C. § 1681i(a).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

**COMPLAINT ¶44:**

Trans Union received these dispute letters and it notified Rushmore of Mr. Watson's disputes pursuant to 15 U.S.C. § 1681i(a).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

**COMPLAINT ¶45:**

In response to Mr. Watson's disputes from Equifax, Rushmore verified to Equifax that Mr. Watson was obligated on this note when he was not.

**ANSWER:**

Equifax denies the allegations in Paragraph 45.

86004266v.1
#100705632v1

**COMPLAINT ¶46:**

In response to Mr. Watson's disputes from Experian, Rushmore verified to Experian that Mr. Watson was obligated on this note when he was not.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

**COMPLAINT ¶47:**

In response to Mr. Watson's disputes from Trans Union, Rushmore verified to Trans Union that Mr. Watson was obligated on this note when he was not.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

**COMPLAINT ¶48:**

After receipt of Rushmore's responses to Mr. Watson's disputes, defendant Equifax continues to sell consumer reports regarding Mr. Watson which contain the wrongful reporting of the Rushmore tradeline.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

**COMPLAINT ¶49:**

After receipt of Rushmore's responses to Mr. Watson's disputes, defendant Experian continues to sell consumer reports regarding Mr. Watson which contain the wrongful reporting of the Rushmore tradeline.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

86004266v.1
#100705632v1

**COMPLAINT ¶50:**

After receipt of Rushmore's responses to Mr. Watson's dispute, defendant Trans Union continues to sell consumer reports regarding Mr. Watson which contain the wrongful reporting of the Rushmore tradeline.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

## DEFENDANT RUSHMORE'S PRACTICES

**COMPLAINT ¶51:**

Rushmore's failure to comply with the provisions of RESPA and investigate and correct the concerns raised by Ms. Watson have caused her to suffer actual damages in the form of great anxiety, anguish, and worry associated with a possible foreclosure proceeding, as well as increased cost of credit due to her losing the opportunity to refinance her home at a much lower interest rate in January 2022. It also has caused her actual damages regarding the misapplication of her payments, and incidental time and costs associated with the RESPA dispute letters.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

**COMPLAINT ¶52:**

Rushmore's failure to comply with the provisions of RESPA is part of a pattern and practice of noncompliance and Ms. Watson is entitled to additional damages under RESPA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

**COMPLAINT ¶53:**

Ms. Watson is further entitled to recover, upon successful prosecution of this action, the costs of this action, including reasonable attorney's fees, for Rushmore's violations of RESPA.

86004266v.1
#100705632v1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

**COMPLAINT ¶54:**

As a result of defendant Rushmore's failure to comply with the requirements of the FCRA with respect to Mr. Watson, he has suffered actual damages, including damage to his reputation, emotional distress, mental anguish, stress, humiliation, aggravation, for which he seeks damages in amounts to be determined by the jury. Plaintiff Jennifer Watson also seeks punitive damages in an amount to be determined by the jury.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

## DEFENDANT EQUIFAX'S PRACTICES

**COMPLAINT ¶55:**

Defendant Equifax negligently and willfully failed to with the requirements of FCRA, including but not limited to:

a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning Mr. Watson, as required by 15 U.S.C. § 1681e(b); and

b. failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i(a) as to Mr. Watson.

**ANSWER:**

Equifax denies the allegations in Paragraph 55.

**COMPLAINT ¶56:**

As a result of defendant Equifax's failures to comply with the requirements of the FCRA, plaintiff James Watson has suffered actual damages, including damage to his reputation, emotional distress, mental anguish, stress, humiliation, and aggravation, for which he seeks damages in amounts to be determined by the jury. Plaintiff James Watson also seeks punitive damages in an amount to be determined by the jury.

**ANSWER:**

Equifax denies the allegations in Paragraph 56 and denies that Plaintiff is entitled to any damages, fees, or other relief against Equifax.

### DEFENDANT EXPERIAN'S PRACTICES

**COMPLAINT ¶57:**

Defendant Experian negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning Mr. Watson, as required by 15 U.S.C. § 1681e(b); and

b. failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i(a) as to Mr. Watson.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

**COMPLAINT ¶58:**

As a result of defendant Experian's failures to comply with the requirements of the FCRA, plaintiff James Watson has suffered actual damages, including damage to his reputation, emotional distress, mental anguish, stress, humiliation, and aggravation, for which he seeks damages in amounts to be determined by the jury. Plaintiff James Watson also seeks punitive damages in an amount to be determined by the jury.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

### DEFENDANT TRANS UNION'S PRACTICES

**COMPLAINT ¶59:**

Defendant Trans Union negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

- a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning Mr. Watson, as required by 15 U.S.C. § 1681e(b); and

- b. failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i(a) as to Mr. Watson.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

**COMPLAINT ¶60:**

As a result of defendant Trans Union's failures to comply with the requirements of the FCRA, plaintiff James Watson has suffered actual damages, including damage to her reputation, emotional distress, mental anguish, stress, humiliation, and aggravation, for which he seeks damages in amounts to be determined by the jury. Plaintiff James Watson also seeks punitive damages in an amount to be determined by the jury.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

WHEREFORE, plaintiffs Jennifer Watson and James Watson respectfully request that the Court grant the following relief in their favor and against each defendant for:

- a) Actual damages for Jennifer Watson from Rushmore for its violations of the RESPA;
- b) Additional damages for Jennifer Watson from Rushmore of $2000 for its violations of RESPA;
- c) Attorney's fees and costs from Rushmore under the RESPA;
- d) Damages for Jennifer Watson from Rushmore for its breach of contract;
- e) Actual damages for James Watson from Rushmore for its violations of the FCRA;
- f) Punitive damages for James Watson from Rushmore for its violations of the FCRA;
- g) Attorney's fees and costs for James Watson from Rushmore under the FCRA;
- h) Actual damages for James Watson from Equifax for its violations of the FCRA;

i) Punitive damages for James Watson from Equifax for its violations of the FCRA;

j) Attorney's fees and costs for James Watson from Equifax under the FCRA;

k) Actual damages for James Watson from Experian for its violations of the FCRA;

l) Punitive damages for James Watson from Experian for its violations of the FCRA;

m) Attorney's fees and costs for James Watson from Experian under the FCRA:

n) Actual damages for James Watson from Trans Union for its violations of the FCRA;

o) Punitive damages for James Watson from Trans Union for its violations of the FCRA;

p) Attorney's fees and costs for James Watson from Trans Union under the FCRA: and

q) Such other and further relief as is appropriate.

**ANSWER:**

Equifax denies that Plaintiffs are entitled to any damages, fees, or other relief against Equifax.

A JURY TRIAL IS DEMANDED.

**ANSWER:**

Equifax admits that Plaintiffs demand a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it. Equifax is neither incorporated nor headquartered in Louisiana, and the conduct giving rise to Plaintiff's claim occurred outside of Louisiana and was not targeted at Louisiana.

86004266v.1
#100705632v1

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action; and

(3) it recover such other and additional relief as the Court deems just and appropriate.

DATED: October 11, 2022

Respectfully submitted,

JONES WALKER LLP

By: */s/ Madison M. Tucker*
Caroline V. McCaffrey (#39276)
cmccaffrey@joneswalker.com
Madison M. Tucker (#37722)
mtucker@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave.
New Orleans, LA 70170-5100
Telephone: (504) 582-8261
Facsimile: (504) 589-8261

*Counsel for Defendant*
*EQUIFAX INFORMATION SERVICES LLC*

86004266v.1
#100705632v1

# **CERTIFICATE OF SERVICE**

This is to certify that October 11, 2022, I electronically filed a true and correct copy of the DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all counsel of record.

*/s/ Madison M. Tucker*
Madison M. Tucker

*Counsel for Defendant*
*Equifax Information Services LLC*

86004266v.1
#100705632v1